(No. 6259. December 7, 1935.)

JOHN R. NEWMAN, Respondent, v. ROGERS LUMBER COMPANY, Employer, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Surety, Appellants.

[52 Pac. (2d) 136.]

H. J. Hull, for Appellants.

F. C. Keane, for Respondent.

BUDGE, J.—The Industrial Accident Board denied an award of compensation to John R. Newman, an appeal was taken to the district court and the order of the board was vacated and compensation awarded, hence this appeal. Briefly stated the material facts are as follows: On August 20, 1934, Newman in the course of his employment with the Rogers Lumber Company, while using all his strength to pull planks from a pile of lumber, slipped, twisted his body and immediately suffered severe stabbing pains in and about the center of his stomach which recurred from time to time thereafter. On August 28, 1934, while taking a bath claimant discovered a small protrusion on his abdominal wall which he reported and exhibited to the clerk of appellant lumber company. An accident report was made out and claimant visited the physician of the lumber company who diagnosed his condition as epigastric hernia and advised an operation. The

herniotomy was performed September 1, 1934, and the diagnosis was found to be correct; it was also found that what is designated in the record as the hernial sac was bound to the surrounding tissue by dense fibrous adhesions, which cut almost like cartilage. The sac was densely adherent to these tissues, indicating to the physician that the sac had existed for some years. The Industrial Accident Board found that the hernia appeared suddenly and immediately following the accident and also found that the hernia existed to some degree prior to the injury by accident. In other words, the Industrial Accident Board found that the before mentioned hernial sac, which was referred to as a herniation of the peritoneum and which may have been a congenital condition or otherwise, was a hernia, although containing none of the abdominal content prior to the accident, within the meaning of I. C. A., section 43–1116, providing as one of the prerequisites to an award of compensation in all cases of hernia that it must be proved:

"3. That the hernia did not exist in any degree prior to the injury by accident for which compensation is claimed."

The sole and only question presented is whether or not respondent had a hernia within the meaning of the foregoing provision prior to the time he sustained injury, which concededly was an injury by accident, sustained in the course of and resulting from employee's employment, resulting in hernia, which appeared suddenly and immediately following the accident and was reported to the employer within the statutory time.

To defeat respondent's claim, a strict, narrow, illiberal definition of hernia must be invoked. The record discloses that respondent was strong and healthy and had been engaged for a long period of time in hard manual labor in and about the woods and lumber-mills and had never noticed nor suffered pain or inconvenience of any kind or character because of the existence of the small sac, and was in perfect health and condition and had nothing more than a hernial sac until he met with the accident which produced a hernia. Referring to a similar question in *Stoddard v. Mason's Blue*

*Link Stores, Inc., et al.,* 55 Ida. 609, 45 Pac. (2d) 597, it was said:

"In all the definitions of 'hernia' that have been called to the attention of the court or which have been found 'hernia' is described as being the protrusion of some organ or some tissue from its normal situation through an accidental or natural opening in the walls of the cavity within which it is contained. In no instance does it appear that the perforation or aperture, either natural or accidental, and without protrusion of some organ or tissue, is defined as a 'hernia.'" It would seem that where the words "organ" or "tissue" are used in the foregoing definition it does not include that which has been here designated as the hernial sac, formed by the peritoneum in this instance, but rather has reference to some organ or tissue which enters or protrudes into the hernial opening and hernial sac. It follows therefrom as a matter of law that respondent did not have a hernia in any degree prior to the injury by accident for which compensation is claimed. Applying the law to the facts, from an examination of the entire record, it is apparent that there was no evidence to sustain the finding, ruling of law and order of the Industrial Accident Board in this particular and the trial court did not err in reversing such finding and holding. There were sufficient findings, supported by competent evidence, to sustain an award in favor of respondent.

The judgment of the trial court is affirmed. Costs awarded to respondent.

Givens, C. J., and Holden and Ailshie, JJ., concur.

Due to illness, Morgan, J., did not participate in this decision.